IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Matthew A. Johnson and Rhonda Johnson, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 3:22-cv-00054-RJC-DSC |
| ) | |
| Smith & Nephew Inc., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**STIPULATED ORDER REGARDING**
**CONFIDENTIALITY OF DISCOVERY MATERIAL**

Whereas the undersigned counsel for Plaintiffs and Defendant agree that the Parties and non-parties will be required to produce or disclose in this proceeding certain information and documents that are subject to confidentiality limitations on disclosure under applicable laws and regulations and applicable privacy rights, including those defined by Federal Rule of Civil Procedure 26(c);

Therefore, the Parties desire entry of an order pursuant to Fed. R. Civ. P. 26(c) to facilitate the prompt resolution of concerns or disputes over confidentiality, to adequately protect material believed in good faith to be confidential, and to ensure that protection is afforded only to material so entitled. To that end, the Parties hereby Stipulate, subject to the Court's approval, that the following procedures shall be followed in this proceeding to facilitate the orderly and efficient discovery of relevant information while minimizing the potential for unauthorized disclosure or use of confidential or proprietary information and documents;

Accordingly, it is ORDERED:

1

**1. Designation of Discovery Materials as Confidential.** All documents and information produced by a party or non-party in the course of discovery or pursuant to court order or subpoena, including, *inter alia*, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, all documents obtained by subpoena, all deposition testimony, all deposition exhibits and all copies, summaries, extracts or reference to such material in pleadings or other documents shall be subject to this Order concerning confidential information, as set forth below:

(a) As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (i) information prohibited from disclosure by statute; (ii) information that reveals trade secrets; (iii) research, technical, commercial or financial information that the party has maintained as confidential; (iv) information involving privacy interests protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and/or Patient Safety and Quality Improvement Act of 2005 ("PSQIA") and applicable implementing regulations; (v) personal identity information; (vi) income tax returns (including attached schedules and forms, W-2 forms and 1099 forms); and (vii) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public, or later become available in the public domain, are not considered and should not be designed Confidential Information.

(b) The designation of Confidential Information shall be made by placing or affixing on the document and on all copies, in a manner that will not interfere with its legibility, the word(s) "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." As used in this order, "copies" includes electronic images, duplicates, extracts, summaries or

descriptions that contain the Confidential Information, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. Documents produced electronically in native format (such as Excel spreadsheets) that are not able to be marked due to formatting restrictions shall be designated Confidential Information by means of metadata or other identifying information provided at the time of production. The parties shall designate only such portion of any matter that in good faith is necessary to protect their legitimate privacy and confidentiality interests. Designation of less than the entire document must be clear and conspicuous. A party shall not routinely designate material as "CONFIDENTIAL" or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the party's' facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(c) Portions of depositions of a party or its present and former officers, directors, employees, agents, experts, and representatives shall be deemed "CONFIDENTIAL" only if they are designated as such when the deposition is taken or within twenty-one business days after receipt of the transcript. Any testimony or other recorded proceeding which describes,

3

discusses, refers to or summarizes the substance of a document that has been designated as "CONFIDENTIAL", as described above, shall also be deemed to be designated as "CONFIDENTIAL".

(d) Information or documents designated as "CONFIDENTIAL" under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (e) or (f) below, respectively, for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals), unless ordered by the Court or as may be expressly permitted in writing by the designating party or as may otherwise be required by law. Confidential information shall not be used in any way that competes, directly or indirectly, with the business of the designating party.

(e) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL" under this Order to any other person or entity, except that disclosures may be made pursuant to the terms and conditions of this Order in the following circumstances:

(i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed. Any such employee to whom counsel for the parties makes a disclosure shall be

4

provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

     (iii) Disclosure may be made to court reporters, whether employed by the Court or engaged for depositions, the Court, those employed by the Court, the jury (if admissible) and those persons, if any, specifically engaged for the limited purpose of organizing, processing or making photocopies of documents, including outside vendors hired to process electronically stored documents. Prior to disclosure to any non-court personnel, such person shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

     (iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit, subject to the provisions of paragraph (f) below, if applicable. Prior to disclosure to any such person, the individual shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence and must complete the certification contained in Attachment A hereto.

     (v) Any witness, in the course of a deposition or transcribed proceeding, if disclosure is reasonably necessary to obtain discoverable information as defined in the Federal Rules of Civil Procedure. Prior to the disclosure to any witness, the witness shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence. Witnesses shall not retain a copy of documents containing Confidential information that were shown to them at deposition, except they may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of

5

transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to this Order should be separately bound by the court reporter or so designated in electronic versions transmitted by them and may not be disclosed to anyone except as permitted under this Order.

    (vi)  The author or recipient of the document (not including a person who received the document only in the course of litigation).

    (vii)  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

  (f)  In the event that a consultant and/or expert, as described in paragraph 1(f)(4), is a current employee of or has a continuous, regular, ongoing, or current consulting arrangement of any kind with any entity that is a competitor of Smith & Nephew or otherwise involved in the design and/or manufacture of hip implant systems, including hip stems, the party seeking to distribute or show such Confidential Information and/or material to such consultant and/or expert shall not disclose such information to such consultant and/or expert unless:

    (i)  The party wishing to disclose the Confidential Information promptly identifies such expert or consultant to counsel of the producing party in writing prior to disclosure of such information to such expert and/or consultant;

    (ii)  The producing party does not object to such disclosure in writing within ten business days of such written notice;

    (iii)  The producing party does not attempt to meet and confer to resolve the issue within ten business days from the mailing of the written objection; and

    (iv)  The producing party does not move for a protective order prohibiting the disclosure to the expert and/or consultant within fifteen business days after the required attempt to meet and confer.

6

(g) Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after termination of this case. All copies, duplicates, extracts, summaries, or descriptions (collectively referred to herein as "copies") of Confidential Information shall be immediately affixed with the word "CONFIDENTIAL" it if does not already appear on the face of the document.

2. **Confidential Information Filed with Court.** To the extent that any materials subject to this Order (or any pleading, motion, memorandum or discovery response discussing or summarizing their substance) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof that discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to LCvR 6.1 (hereinafter the "Sealing Motion"), in accordance with the current version of the Court's Administrative Procedures Governing Filing and Service by Electronic Means. The Sealing Motion shall be governed by LCvR 6.1. Even if the filing party believes that the materials subject to this Order are not properly classified as confidential, the filing party shall file the Sealing Motion; provided, however, that the filing of the Sealing Motion shall be wholly without prejudice to the filing party's rights under ¶ 5 of this Order.

3. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as "CONFIDENTIAL" prior to production does not, standing alone, waive the right to so designate the document as Confidential Information. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing

7

Case 3:22-cv-00054-RJC-DSC   Document 21   Filed 01/13/23   Page 7 of 12

to maintain the confidentiality of material during a time when that material was not designated Confidential Information, even if it was later designated as Confidential Information.

**4. Party Seeking Greater Protection Must Obtain Further Order.** Except on privilege grounds not addressed by this Order, no information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 1 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c). The parties reserve all rights to raise additional objections regarding confidentiality or privilege in response to discovery and to seek further orders providing additional protection.

**5. Challenging Designation of Confidentiality.** A designation of "CONFIDENTIAL" may be challenged upon motion, after first conferring with counsel for the designating party. In conferring, the challenging party must explain the basis for its good faith belief that the confidentiality designation was improper and must give the designating party an opportunity to review and reconsider the designation, and, if no change is offered, to explain the basis for the designation. The designating party will have no more than thirty days from the date the challenging party explains the basis for its good faith belief that the confidentiality designation was improper to review and reconsider the designation and to file a motion if it declines to reconsider the designation. The challenging party can also raise the propriety of the confidentiality designation with the Court. The burden of proving the confidentiality of designated information remains with the designating party. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions. Until the dispute is resolved, the information or document shall continue to be treated as "Confidential Information" under the terms of this Order.

**6. Return of Confidential Material at Conclusion of Litigation.** At the conclusion of the litigation, all material designated as "CONFIDENTIAL" under this Order and not received in evidence shall be returned to the originating party within sixty (60) days of a fully executed settlement agreement or a final adjudication on the merits including any appeals or following the expiration of the time for such appeals. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

**7. Notice of Use of Confidential Material**. If, at the time of trial, any party intends to introduce into evidence any information designated as "CONFIDENTIAL" they shall give timely and sufficient notice of such intention to all other counsel so that other counsel have the opportunity to move the Court for an Order setting forth conditions necessary to preserve the confidentiality of such information at trial. Nothing in this Order shall be construed to limit a party's right to cross-examine any witness with Confidential Information.

**8. Jurisdiction and Enforcement**. Any recipient of confidential materials subject to this Order, by accepting receipt thereof, agrees to be subject to the jurisdiction of the Court in which this matter is pending, in connection with any proceeding or hearing relating to such confidential information and/or this Order, including but not limited to, any proceeding relating to the enforcement of this Order. After the conclusion of this action, this Order shall continue to apply to all confidential information provided by the parties to opposing counsel and to the parties' consultants, experts, and prospective witnesses under this Order, and the Court shall retain jurisdiction over all recipients of such confidential information for purposes of enforcing the provisions of this Order.

9. **Waiver**. The failure of any party hereto to enforce at any time any provision of this Order shall not be construed as a waiver of such provision, nor be construed in any way to affect the validity of this Order or any part hereof or the right of any party thereafter to enforce each and every such provision. No waiver of any breach of this Order shall be held to constitute a waiver of any other breach.

10. **Effect of Order and Relief**. The confidential status accorded any materials subject to this Order shall remain in effect until further order of this Court. Nothing herein shall be deemed to expand or retract, or otherwise affect, any claim of privilege or the waiver thereof. This Order is without prejudice to the right of any party to seek relief from the Court from any of the provisions herein for good cause shown. The terms of this Order shall survive final disposition of this Action.

11. **Subpoena or Court Order**. In the event that any person or entity identified in subparagraphs (e) or (f) hereof receives a subpoena, legal process or court order seeking disclosure of any materials subject to this Order, such person or individual shall provide notice thereof to the designating party within three business days in a manner reasonably calculated to provide the designating party the opportunity to protect the confidentiality of the matter involved. The person or entity subject to the subpoena shall take reasonable and lawful actions to preserve the confidentiality of the matters at issue which may include, among other things, providing a copy of this Order to the party in the other action that caused the subpoena or court order to issue, and obtaining a lawful extension of time in which to respond to such subpoena, legal process or court order to permit the designating party a reasonable opportunity to protect the confidentiality of such matters. If, after receiving proper notice, the designating party fails to act, the person or entity subject to the subpoena may produce the materials as required.

10

Case 3:22-cv-00054-RJC-DSC   Document 21   Filed 01/13/23   Page 10 of 12

12.     **Additional Parties**. Any party added to this action after the date hereof shall be bound by the terms of this Order. The party that causes the addition of any other party after the date hereof shall serve a copy of this Order upon such added party along with the initial pleading which adds such new party.

13.     **Withdrawal of Counsel**. If counsel for a receiving party withdraws from this matter before final disposition of this action, the withdrawing counsel will transfer all materials subject to this Order, including all copies thereof, in its possession to substitute counsel and shall certify same to the designating party, in writing. If no substitute counsel is named, withdrawing counsel shall deliver all materials subject to this Order, including all copies thereof (electronic or paper), back to the designating party. The designating party shall hold the materials until such time as new counsel, if any, is appointed.

14.     **Ultimate Disposition of Confidential Materials.** Notwithstanding the foregoing, the ultimate disposition of Confidential materials shall be subject to a final order of the Court on the completion of this litigation.

**SO ORDERED.**

Signed: January 13, 2023

_____
David S. Cayer
United States Magistrate Judge

Agreed:

*/s/Kurt F. Hausler  (signed with permission)*
Kurt F. Hausler
NC State Bar No. 22103
Hausler Law Firm, PLLC
524 East Boulevard
Charlotte, NC 28203
Tel: (704) 247-3255
Fax: (704) 247-3267
khausler@hauslerlaw.com
*Attorney for Plaintiffs*


*/s/Paul J. Osowski*

Paul J. Osowski, N.C. Bar No. 23423
Scott D. MacLatchie, N.C. Bar No. 50153
NELSON MULLINS RILEY
   & SCARBOROUGH, L.L.P.
301 South College Street, 23rd Floor
Charlotte, North Carolina 28202
T: (704) 417-3000
F: (704) 377-4814
Email: paul.osowski@nelsonmullins.com
Email: scott.maclatchie@nelsonmullins.com

Terri S. Reiskin (appearing *pro hac vice*)
NELSON MULLINS RILEY
 & SCARBOROUGH, L.L.P.
101 Constitution Avenue, N.W., Suite 900
Washington, DC 20001
T: (202) 689-2814
F: (202) 689-2860
Email: Terri.reiskin@nelsonmullins.com

*Attorneys for Defendant Smith & Nephew, Inc.*